FILED - LN
March 27, 2009 11:59 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:___/___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN PACHECO, ROCIO JARQUIN,
AND JORGE GONZALEZ-DELGADO

    Plaintiffs,

vs.

BOAR'S HEAD PROVISIONS CO., INC,
a Florida corporation

    Defendant.

Case No.
Hon.

**1:09-cv-298**
**Robert Holmes Bell**
**U.S. District Judge**

---

Jason J. Thompson (P47184)
Kevin J. Stoops (P64371)
Sommers Schwartz, P.C.
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
248-355-0300

Robert Alvarez (P66954)
Law Office of Jose A. Sandoval PC
Co-Counsel for Plaintiffs
4543 S Division Avenue
Wyoming, MI 49548
616-257-6807

---

LAW OFFICES SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

### FLSA COLLECTIVE AND STATE WAGE AND HOUR CLASS ACTION COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

NOW COME the above named Plaintiffs, by and through their attorneys, and for their complaint state as follows:

### PRELIMINARY STATEMENT

1.     This is a civil action brought on behalf of the above named Plaintiffs, and all similarly situated workers who worked for Defendant Boar's Head Provisions, Co., Inc (hereinafter referred to as "**Defendant**") in Holland, Michigan and other locations in Michigan during the years 2005 to 2008.

Plaintiffs worked primarily performing machine operations, meat packing processes, and sanitation services for Defendant. Plaintiffs complain that Defendants engaged in a pattern or practice of unlawful conduct which resulted in the violation of their rights under the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 28 USC 201 *et seq.*, or alternatively, the Michigan Minimum Wage Law (hereinafter referred to as "MMWL"), MCL § 408.382 *et seq.*

2. Named Plaintiffs were employees who are entitled to overtime compensation, and prompt payment of amounts that the employer owes an employee when the employee works, quits, or is terminated, and other compensation and working conditions that are prescribed by law.

3. Although Defendant required their employees to work more than forty (40) hours a week and/or more than eight (8) hours in a workday and/or on the seventh (7th) day of a workweek, as a matter of policy and practice, Defendant consistently denied them the required overtime, and other compensation required by law.

4. Named Plaintiffs and others similarly situated (hereinafter referred to as "Michigan FLSA Plaintiffs"), in general, are insular minorities who have limited or no proficiency in the English language and are unfamiliar with labor protections provided by federal law and the laws of Michigan. Defendant exploited Plaintiffs' inabilities to speak or understand English, and their ignorance of United States laws to abhorrently underpay them.

5. Plaintiffs seek a declaration that their rights have been violated, an award of unpaid wages, an award of liquidated damages, an award of attorney fees and costs to make them whole for damages they have suffered, and to ensure that they and future workers will not be subjected by the Defendant to such illegal conduct in the future.

2

## JURISDICTION

6. This Court has jurisdiction over Plaintiffs' FLSA claims, pursuant to 28 USC 1331, 1332(d), and 1337, and Section 16(b) of the FLSA, 29 USC 216(b).

7. This Court also has supplemental jurisdiction over State wage and hour claims, pursuant to 28 USC 1367, because the claims derive from a common nucleus of operative fact.

## PARTIES

8. Plaintiffs Juan Pacheco, Rocio Jarquin, and Jorge Gonzalez-Delgado resided in Holland, Michigan at all relevant times.

9. Named Plaintiffs and Michigan FLSA Plaintiffs (hereinafter referred to as "Plaintiffs") bring this action on behalf of all current and former persons who were, are, or will be employed by Defendant in Michigan to perform labor in the meat processing business, which includes transportation, weighing, shanking, cutting, eviscerating, cleaning, decontamination, sanitation, and packaging at any time within the three years prior to the filing of the initial complaint and through the final disposition of this action, who were, are or will be eligible for but did not receive overtime compensation or proper wages.

10. Defendant Boar's Head Provisions Company, Inc., is incorporated in the state of Delaware with headquarters in Sarasota, Florida, registered as a foreign profit corporation with the Michigan Secretary of State, and whose resident agent is The Corporation Company, 30600 Telegraph Road, Ste. 2345, Bingham Farms, MI 48025.

## VENUE

11. Venue is proper in this Court pursuant to 28 USC 1391(b) and (c).

3

12.  This Court has personal jurisdiction over Defendant because they are registered with the Michigan Secretary of State, are doing business in Michigan State, and committed the wrongful conduct against Plaintiffs and certain members of the Class in this district.

## FACTUAL ALLEGATIONS

13.  Defendant, as a matter of corporate policy, practice, and procedure, and in violation of the MMWL and the applicable provisions of the FLSA, intentionally, knowingly, and willfully did not pay Plaintiff's premium compensation required for hours worked, overtime wages, and conducted practices in order to avoid the payment of overtime wages by not paying employees for preparatory work, or for donning and doffing protective clothing.

14.  At all times relevant to this action, donning and doffing pertained to time spent by Plaintiffs, at the beginning and end of lunch breaks and work shifts, in order to change into and out of protective clothing/gear which was required and unique to their job.

15.  Protective clothing and gear consisted of, but was not limited to, goggles, hair-nets, gowns, boots, gloves, and cold weather coats.

16.  As a matter of policy, Plaintiffs were required to don (change into) protective clothing prior to punching-in, and before re-starting their shift immediately after lunch.

17.  As a matter of policy, Plaintiffs were required to doff (change out of) protective clothing before entering the cafeteria during lunch, and after punching-out at the end of their shift.

18.  Donning and doffing consumed approximately one half hour each day, which included waiting in line with other employees to don new gear, and doff and discard dirty protective gear.

19.  At all times relevant to this action, Defendant was Plaintiffs' "employers" within the meaning of the FLSA, 29 USC 203(d) and the MMWL, MCL § 408.382(c).

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

20. At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs within the meaning of the FLSA, 29 USC 203(g), and the MMWL, MCL § 408.382(d).

21. At all times relevant to this action, Plaintiffs were "employees" of the Defendant within the meaning of the FLSA, 29 USC 203(e)(1) and the MMWL, MCL § 408.382(b).

22. Defendant provided Plaintiffs with the employee manual translated into the Spanish Language, "Boar's Head Holland Manual Del Empleado" (hereinafter referred to as "the employee manual").

23. At all times relevant to this action, Defendant was the owner and/or operator of Boar's Head Provisions located at 284 Roost Ave, Holland, MI 49424.

## COLLECTIVE ACTION ALLEGATIONS

24. All claims set forth in Count I of this action are brought pursuant to the FLSA, 29 USC 216(b). Named Plaintiffs bring this count on their own behalf and on behalf of all other current or former employees who (1) worked or are working for Defendant at any time in the three years prior to the filing of this action, and (2) were or are subject to the violations of the FLSA described in Count I. Named Plaintiffs do not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

25. With respect to Count I, a collective action under the FLSA is appropriate because under 29 USC 216(b) the employees described are "similarly situated" to the named Plaintiffs.

26. The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs, were or are subject to the same or similar unlawful practices, policy or

plan as the individually named Plaintiffs, and their claims are based upon the same legal theory as those of named Plaintiffs.

27.	The precise numbers of class individuals are known only to the Defendant, and are believed to include well over one thousand (1000) individuals.

## CLASS ALLEGATIONS

28.	Plaintiffs bring Count I of this action on behalf of a class of all similarly situated workers defined as: "All persons employed by Boar's Head Provisions at any time during the last three years who were required to don and doff protective gear in the performance of their work." Plaintiffs do not bring Counts I on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

29.	All claims set forth in Counts II, III, and IV are brought by Plaintiffs in the alternative, on behalf of themselves and all other similarly situated persons pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

30.	The class is believed to include over one thousand (1000) individuals. The class is generally comprised of Hispanic workers who are not fluent in the English language and who maintain their residences at various locations throughout the United States and Michigan. The relatively small size of the individual claims and the multitude of the class members make the maintenance of separate actions by each class member economically unfeasible. Joinder of all class members is impractical.

31.	There are questions of fact common to the class. The common questions of fact include, but are not limited to:

a.	whether Defendant engaged in a pattern or practice of failing to pay Plaintiffs all wages when due in accordance with the MMWL;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

6

b. whether Defendant engaged in a pattern or practice of failing to provide accurate wages to Plaintiffs as required under the MMWL;

c. whether Plaintiffs and members of the proposed class are entitled to actual or liquidated damages and the other requested relief.

32. Certification of a class of persons who may receive relief pursuant to Counts II, III, and IV is appropriate pursuant to FR Civil Procedure 23(b)(3) because:

a. the class is so numerous that it is impractical to bring all its members before this Court on information and belief that the class consists of more than 1000 workers;

b. there are questions of law and fact common to the class;

c. named Plaintiffs' claims are typical of those of the class;

d. named Plaintiffs will fairly and adequately protect the interests of the class, and Plaintiffs have retained counsel experienced in matters of this type;

e. questions of law common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

f. testimony and evidence about Defendant's employment and practices will affect and apply to the claims of all class members. Purely individual questions will be restricted to damage questions should liability be established. If no class action is certified, it will make it impractical for individual class members to pursue relief or may lead to a large number of separate lawsuits, all of which will rely on the same kind of proof and take roughly the same amount of time, causing an unnecessary burden on the Courts.

## FACTS COMMON TO ALL COUNTS

33. Plaintiffs routinely worked over eight (8) hours per day, forty (40) hours per week, seven (7) days a week, and received pay on a weekly basis.

34. In each of the relevant years, Plaintiffs agreed to the "Employee Manual" stating the terms and conditions of employment prior to beginning employment. The "Employee Manual" contains, among other things, the following:

   a. Lunch time and eating areas (referenced on page 9);

   b. Additional Hours (referenced on page 10);

   c. Personal Protective Equipment (referenced on page 40);

   d. Personal Hygiene (referenced on page 41).

35. The terms and conditions of employment offered by Defendant induced Plaintiffs to work additional hours, and punch-in before the start time of their shifts in order to prepare work stations, don personal protective equipment, and conduct personal hygiene.

36. Plaintiffs were also induced to punch-out late in order to doff personal protective equipment and clean the work stations.

37. Plaintiffs were required to doff protective gear prior to entering the cafeteria to each lunch.

38. Plaintiffs were required to don protective gear prior to the end of their lunch break in order to begin work.

39. As a result of donning and doffing personal protective equipment, Plaintiffs were denied a full thirty (30) minute lunch break and/or overtime.

40. As a result of donning and doffing personal protective equipment, Plaintiffs did not have the full thirty minute lunch break free and clear for their own personal time.

8

...
...

41.     As a result of Defendant's employment policy, Plaintiffs were not compensated for the time spent donning and doffing their required protective gear before and after the start of their shift, in addition to the unpaid lunch-time, for donning and doffing protective gear.

42.     As a matter of policy that Defendant applied to all Plaintiffs, Plaintiffs were not properly compensated for all the time they were suffered or permitted to work.

43.     As a result of Defendant's policy, Plaintiffs didn't receive premium wages for time worked and overtime premium as mandated by the FLSA, the MMWL, and the Employee Manual.

44.     At all relevant times, Defendant suffered or permitted Plaintiffs to work or provide services to them.

45.     During their employment with Defendant, Plaintiffs generally worked in excess of forty (40) hours in a work week.

46.     Defendant did not pay Plaintiffs wages for all hours worked.

47.     Defendant did not pay Plaintiffs the overtime premium for all hours worked in excess of forty (40) hours per week.

48.     Defendant misrepresented Plaintiffs' rights under the FLSA by requiring them to arrive no more than seven minutes early to do prep work, warm-up equipment, and don protective clothing without pay, as per Defendant's April 16, 2007 memorandum "Registro temprano de entrada en los relojes" (Spanish for "Early registered entry time").

49.     Defendant misrepresented Plaintiffs' rights under the FLSA by requiring them to agree to Defendant's Procedure number 0101.20, dated April 16, 2007, which designated "13.0" of unpaid donning and doffing breaks during the work day for sanitation and packaging employees.

## COUNT I
### Violation of the Federal Fair Labor Standards Act, 29 USC 201 *et seq.* – Failure to Pay Overtime Wages and pay for all hours worked

50. Plaintiffs incorporate the above referenced paragraphs.

51. Pursuant to 29 USC 216(b), named Plaintiffs have consented in writing to be party Plaintiffs in this FLSA action.

52. The FLSA, 29 USC 207, provides that an employer must pay an employee one and a half times the employee's regular rate for hours in excess of forty hours per week.

53. Defendant violated the FLSA since Plaintiffs were not all at times paid a rate of one and a half times their regular rates for hours worked in excess of forty (40) hours.

54. Plaintiffs are victims of a uniform and company wide enterprise which operates to compensate them at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendant.

55. Defendant's violations of the FLSA were willful because they knew their obligations under the FLSA, but deliberately chose not to follow them. Defendant's failure to pay Plaintiffs for all hours worked, and their failure to pay overtime, were intentional violations of the FLSA.

56. The FLSA, 29 USC 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney fees.

57. As a result of Defendant's violation, each Plaintiff is entitled to his or her unpaid overtime wage plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

## COUNT II
### Breach of Employee Agreement

58. Plaintiffs incorporate the above referenced paragraphs.

59. Defendant offered Plaintiffs employment and made representations regarding employment.

60. Specifically, Defendant agreed to abide by the terms of the "Employee Manual" which Plaintiffs had to agree to be bound by in order to be employed by Defendant.

61. Based on this agreement and verbal offers made by Defendant, Plaintiffs worked additional hours, in excess of forty (40) hours per week, but did not receive wages as per the agreement.

62. Defendant breached the employee manual by failing to comply with the promised terms and conditions of employment, particularly, by not paying proper double-time for the seventh consecutive day of work and holidays, and not paying proper overtime.

63. Due to Defendant violating its employment agreement, Plaintiff lost the benefit of the additional compensation promised.

## COUNT III
### Violation of the Michigan Minimum Wage Law of 1964, M.C.L.A. §408.381 et seq.

64. Plaintiffs incorporate the above referenced paragraphs.

65. The MMWL, MCL § 408.384 (a)(1), requires that an employer pay its employees one-and-a-half times their regular hourly rate for the hours worked in excess of forty hours in each work week.

66. Defendant did not pay Plaintiffs one-and-a-half times their regular hourly rate for the hours worked in excess of forty hours.

11

67. The Michigan Minimum Wage Law, MCL § 408.393(1)(a), provides that as a remedy for a violation of the Act, an employee is entitled to "...the difference between the amount paid and the amount that...[should] have been paid...and an equal additional amount as liquidated damages together with costs and such reasonable attorney fees."

## COUNT IV
## Unjust Enrichment

68. Plaintiffs incorporate the above referenced paragraphs.

69. Plaintiffs conferred a benefit to the employer Defendant for the work provided by Plaintiffs during their period of employment.

70. Plaintiffs conferred a benefit to Defendant by punching-in before their scheduled start-time in order to prepare their workstations and don protective equipment. Plaintiffs also took time from their lunch breaks and punched-out after scheduled ending times in order to don/doff protective equipment and clean-up the workstations. These amounts were unlawfully deducted from Plaintiffs' paychecks.

71. Pursuant to Michigan common law, it is inequitable for employer defendant to retain the benefit of the work performed without appropriately compensating Plaintiffs and for Defendant to retain the benefits of the amounts unlawfully deducted from Plaintiffs paychecks.

72. As a result of Defendant's conduct, Plaintiffs have suffered a loss of substantial income.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request the following relief:

1. Certifying this case as a collective action in accordance with 29 USC 216(b) with respect to the FLSA claims set forth in Count I;

2. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Counts I, II, III, and IV;

3. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Named Plaintiffs to send notice of this action to all those similarly situated individuals;

4. Designation of Named Plaintiffs as Representatives of the Plaintiffs;

5. Declaring that Defendants willfully violated the Fair Labor Standards Act and their attendant regulations as set forth in Count I;

6. Declaring that Defendants violated their obligations under the FLSA and the MMWL, and breached Plaintiffs' Employee Agreement.

7. Granting judgment in favor of Plaintiffs and against Defendants, jointly and severally, on Plaintiffs' Fair Labor Standards Act claim as set forth in Count I and awarding each the amount of his/her unpaid overtime wages, along with an equal amount as liquidated damages;

8. Granting judgment in favor of Plaintiffs in an amount to be determined at trial for the violations of Counts II, III, and IV;

9. Awarding Plaintiffs the costs of this action;

10. Awarding Plaintiffs reasonable attorneys fees pursuant to the FLSA, 28 USC 201 *et seq.*;

11. Awarding Plaintiffs pre- and post-judgment interest on their damages;

12. Whatever additional relief the Court deems just and proper.

Dated: March 20, 2009

        SOMMERS SCHWARTZ, P.C.

        By: _____
        Jason J. Thompson (P47184)
        Attorneys for Plaintiff
        2000 Town Center, Suite 900
        Southfield, MI 48075
        248-355-0300
        jthompson@sommerspc.com

        LAW OFFICE OF JOSE A.
        SANDOVAL, P.C.
        Robert Alvarez (P66954)
        Co-Counsel for Plaintiffs
        4543 S Division Avenue
        Wyoming, MI 49548
        616-257-6807
        alvarezlaw@gmail.com

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial.

Dated: March 20, 2009

        SOMMERS SCHWARTZ, P.C.

        By: _____
        Jason J. Thompson (P47184)
        Attorneys for Plaintiff
        2000 Town Center, Suite 900
        Southfield, MI 48075
        248-355-0300
        jthompson@sommerspc.com

        LAW OFFICE OF JOSE A.
        SANDOVAL, P.C.
        Robert Alvarez (P66954)
        Co-Counsel for Plaintiffs
        4543 S Division Avenue
        Wyoming, MI 49548
        616-257-6807
        alvarezlaw@gmail.com

LAW OFFICES SOMMERS SCHWARTZ, P.C. • 2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300