UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JUAN PACHECO, ROCIO JARQUIN,
and JORGE GONZALEZ-DELGADO,

        Plaintiffs,

                                    File No.  1:09-CV-298

v.

                                    HON. ROBERT HOLMES BELL

BOAR'S HEAD PROVISIONS CO., INC.,
a Florida corporation,

        Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

      This action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,

is before the Court on Plaintiffs' motion to clarify, reconsider or amend the Court's Rule 16

conference rulings and related order.  (Dkt. No. 25.)

      Plaintiffs, employees of Defendant Boar's Head Provisions Co., Inc., on their own and

on behalf of others similarly situated, allege that Defendant has violated the FLSA by failing

to compensate them for time spent donning and doffing their required protective clothing and

gear.  On June 5, 2009, Plaintiffs filed a motion to certify the representative action and to

authorize notice to the class and a motion to expedite briefing on that motion.  (Dkt. Nos. 14,

15.)  At the Rule 16 conference on June 9, 2009, the Court stated that would "conditionally

certify a representative class" of the employees of the Boar's Head Holland facility.  (Dkt.

No. 25, Ex. 1, 6/9/09 Rule 16 Conf. Tr. 15).  However, the Court also indicated that it would

not permit notice to issue at this time, but that it would instead allow a short period of discovery on the certification issue, and would hold a hearing on the issues of certification and notice on September 11, 2009. (Tr. 16-18.) On June 11, 2009, this Court issued an order denying Plaintiffs' motion for expedited briefing on their motion to certify and an order giving Defendant until August 24, 2009, to respond to the motion to certify. (Dkt. Nos. 22, 23.)

Plaintiffs request the Court to clarify its rulings. If the Court granted conditional certification, Plaintiffs seek reconsideration on the issue of notice. If the Court denied conditional certification, Plaintiffs seek a written order clarifying this fact and setting the standard of review that will be applied at the September 11 hearing.

The Court misspoke when it said that it was conditionally certifying the class. The Court did not intend to conditionally certify a class. The Court merely intended to limit the initial discovery regarding the class to the Holland facility. The Court believed that its subsequent statements that it would not allow notice to issue until after discovery and a hearing on September 11 were sufficient to clarify its intentions. To the extent there is confusion, the Court will issue an order clarifying that it did not conditionally certify the class. The Court is withholding a decision on certification and notice until after the September 11 hearing.

Plaintiffs further request that, if the Court has not yet ruled on their motion to certify the class (Dkt. No. 14), they be permitted the same opportunity as Defendants to fully apprise

the Court of the relevant evidence obtained during discovery that will impact the Court's consideration of their request for certification. The Court understands Plaintiffs concern and will permit the parties to simultaneously file briefs on the issue of certification and notice. Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' motion to expedite consideration of their motion to clarify (Dkt. No. 26) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' motion to clarify, reconsider or amend the Court's Rule 16 conference rulings and related order (Dkt. No. 25) is GRANTED IN PART to reflect that this Court did not conditionally certify the class. A ruling on certification and notice will be made following the September 11, 2009, hearing.

IT IS FURTHER ORDERED that the June 11, 2009, briefing schedule (Dkt. No. 23) is AMENDED to reflect that both Plaintiffs and Defendant shall have until August 24, 2009, to simultaneously file briefs on the issue of class certification, and that both Plaintiffs and Defendant may then file a reply in accordance with local rules.


Dated: June 30, 2009                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE