UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN PACHECO, ROCIO JARQUIN,
AND JORGE GONZALEZ-DELGADO

    Plaintiffs,

vs.

BOAR'S HEAD PROVISIONS CO., INC,
a Florida corporation

    Defendant.

Case No. 1:09-CV-298
Honorable Robert Holmes Bell
United States District Judge

_____

| | |
|---|---|
| Jason J. Thompson (P47184) | Elizabeth Wells Skaggs (P62133) |
| Kevin J. Stoops (P64371) | Joseph J. Vogan (P29920) |
| Jesse L. Young (P72614) | VARNUM |
| SOMMERS SCHWARTZ, P.C. | Attorneys for Defendant |
| 2000 Town Center, Suite 900 | Post Office Box 352 |
| Southfield, Michigan 48075 | Grand Rapids, Michigan 49501-0352 |
| 248-355-0300 | 616-336-6000 |
| | |
| Robert Alvarez (P66954) | *Defense Counsel* |
| LAW OFFICE of JOSE A. SANDOVAL, PC | |
| 4543 S Division Avenue | |
| Wyoming, Michigan 49548 | |
| 616-257-6807 | |
| | |
| Matthew L. Turner (P48706) | |
| TURNER & TURNER, P.C. | |
| 26000 West 12 Mile Road | |
| Southfield, Michigan 48034 | |
| 248-355-1727 | |

*Plaintiffs' Counsel*

_____

## JOINT STATUS REPORT

Pursuant to the Court's Order dated January 15, 2010 (Dkt. No. 67) ordering the parties to file a Joint Report as outlined in Fed. R. Civ. P. 16, the parties held a meet and confer session over

the past several weeks with ongoing calls and exchanges to consider the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a discovery plan, and the other topics listed below.

A Rule 16 Scheduling Conference is scheduled for February 17, 2010 before the Honorable Robert Holmes Bell, 654 Federal Building, 110 Michigan, N.W., Grand Rapids, Michigan. Appearing for the Plaintiffs will be Jason J. Thompson, from Sommers Schwartz, P.C. and Robert Anthony Alvarez, from the Law Office of Jose A. Sandoval, P.C. Appearing for the Defendant will be Elizabeth Wells Skaggs and Joseph J. Vogan from Varnum LLP.

## 1. Jurisdiction

Plaintiffs aver that this Court has jurisdiction based upon 28 U.S.C. §1331 (Federal Question), 28 U.S.C. §1337 (Interstate Commerce), and 28 U.S.C. § 1332(d) (Class Action Fairness Act – CAFA). Defendant does not object to jurisdiction.

## 2. Jury or Non-Jury

Plaintiffs have demanded a trial by jury of all issues so triable of right. Defendant submits that certain issues in this case, including the issues of liquidated damages and good faith under the FLSA, are matters for the trial judge as fact finder to decide, not a jury. *McClanahan v. Matthews*, 440 F.2d 320, 322 (6th Cir. 1971). Plaintiffs disagree and will await further instruction on briefing of the issue.

## 3. Statement of the Case

Plaintiffs' Complaint includes claims under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201 et seq., and Rule 23 class action claims based Michigan Minimum Wage Law ("MMWL"), MCL § 408.382, and breach of contract, and/or pursuant to the unjust enrichment doctrine, all under state law. Defendant denies liability as to all four counts and has asserted various affirmative defenses, including statute of limitations, good faith, and pre-emption.

Defendant also denies that class certification would be appropriate as to the state law claims. Additional information concerning the case is found in the parties' prior Joint Status Report (Dkt. No. 17) and the various briefs that have already been filed in the case.

**4.    Pendent State Claims**

This case includes pendent state claims under the MMWL and common law theories of breach of contract and unjust enrichment. Defendant has moved to dismiss these state law claims or, in the alternative, for summary judgment. (See Dkt. Nos. 12 and 13.)  That motion has been briefed and is awaiting decision by the Court.  Because the state law claims arise out of the same facts and circumstances and involve the same witnesses and documents, as well as share common legal and factual issues, Plaintiffs' believe pendent jurisdiction should be exercised. Plaintiffs further maintain that the state law claims, as Rule 23 class action claims, fall within this Court's jurisdiction pursuant to the 28 U.S.C. § 1332(d), CAFA.

**5.    Joinder of Parties and Amendment of Pleadings**

In the first Joint Status Report, Plaintiffs advised the Court that the addition of additional individuals as party Plaintiffs will be governed by the Court's decision on Plaintiffs' anticipated motion for collective action certification under the FLSA. The Court has denied that motion in a written opinion and order (Dkt. Nos. 65 and 66).

New complaints for additional individuals working at Boar's Head who wish to assert FLSA, MMWL, Breach of Contract and Unjust Enrichment claims against Boar's Head have now been filed with the Court. Thus, there is no anticipated joinder of any additional parties in the instant complaint.  However, Plaintiffs identified the instant case as a related matter when filing the new complaints.  Plaintiffs' counsel anticipate that efforts to achieve efficiencies of time and costs should be considered by the parties and the Court, including consolidation or coordination of discovery between the various Boar's Head wage and hour actions.

At the time this Joint Status Report was drafted, Defendant had not yet seen the new complaints, did not know who the plaintiffs in these new cases would be or what their claims might be, and thus Defendant cannot comment whether consolidation or coordination of discovery in these new cases with the instant case will promote efficiency. In theory, however, Defendant agrees that such consolidation and coordination should be considered if the cases are truly related.

Plaintiffs' FLSA claims will proceed on behalf of the named plaintiffs only. Plaintiffs may file a motion for Rule 23 class certification of the state claims upon completing discovery on those claims. Defendant submits that for the same reasons relied upon by the Court in denying collective action certification, Plaintiffs cannot maintain this case as a class action, even if their state law claims were to survive Defendant's pending motion to dismiss. Defendant further submits that the named Plaintiffs are not adequate class representatives.

**6.     Disclosures and Exchanges**

    **a.     Rule 26(a)(1) disclosures.**

The Parties have already made their Rule 26(a)(1) Initial Disclosures.

    **b.     Witnesses & Experts**

See ¶ 7 below.

    **c.     Voluntary Disclosure**

The parties have already produced all documents identified in their Initial Disclosures. A protective order has been entered by the Court.

**7.     Discovery**

    **a.     Plaintiffs' Proposal**

Plaintiffs propose that the parties conduct limited follow up discovery on the issues not already covered in the discovery conducted to date during the initial phase of collective action discovery and proceed pursuant to the discovery provisions of the Federal Rules. The only witness

4

depositions taken to date have been the named plaintiffs, some of the other individuals who sought to opt-in to this case, and Defendant's Rule 30(b)(6) designee. Plaintiffs wish to depose departmental supervisor(s), some co-workers, and perhaps one or two individuals identified in depositions.

Plaintiffs propose:

- Six-months of additional, non repetitive, discovery.
- Plaintiffs' expert disclosures to be made within 90 days upon entry of the Scheduling Order; defendants to follow within 30 days thereafter.
- Class Action or Dispositive motions to be filed within 30 days from the close of discovery

### b.     Defendant's Proposal

Defendant proposes that the Court hold further discovery in abeyance until such time as it rules on the Defendant's pending motion to dismiss the state law claims and to strike the Rule 23 class allegations. A ruling granting Defendant's motion could significantly narrow both the legal and factual issues in the case, and also narrow the time period at issue, thus saving the parties from engaging in unnecessary discovery on issues that ultimately will not be part of the case. *See also* Fed. R. Civ. P Rule 23(c)(1)(A)(stating that class certification should be decided at an "early practicable time").

### i.     If Defendant's motion is granted

If the Court grants the motion and the state law claims are dismissed and the class action allegations stricken, Defendant then proposes that discovery on the remaining FLSA claim resume, subject to the following schedule:

- Plaintiffs' witness list shall be served 60 days from the Court's ruling granting Defendant's motion; Defendant's witness list shall be served 30 days thereafter.

- Plaintiffs' disclosure regarding expert witnesses (if any), including expert reports under Rule 26(a)(2), shall be served 90 days from the Court's ruling; Defendant's expert witness disclosure (if any), including expert reports, shall be served 60 days thereafter.
- Discovery shall conclude six (6) months following the Court's ruling.

### ii.     If Defendant's motion is denied

Given that the parties have already engaged in extensive discovery focused on the class/collective action issue, Defendant submits that the Court and the parties have all the information needed to brief the class action issue.  Moreover, a ruling on the propriety of class certification before the parties proceed to merits discovery will allow the parties to narrow the issues and avoid unnecessary discovery.  *See also* Fed. R. Civ. P Rule 23(c)(1)(A)(stating that class certification should be decided at an "early practicable time").  Accordingly, Defendant proposes the following schedule in the event the Court denies Defendant's motion to dismiss the state law claims:

- Plaintiffs shall file their motion for Rule 23 class certification within 30 days of the Court's ruling denying Defendant's motion; the parties' subsequent briefing deadlines on Plaintiffs' motion shall be governed by W.D. Mich. Local R. 7.
- Once the Court rules on Plaintiffs' class certification motion, discovery can then resume.
- Plaintiffs' witness list shall be served 60 days from the Court's ruling on Plaintiffs' class certification motion; Defendant's witness list shall be served 30 days thereafter.
- Plaintiffs' disclosure regarding expert witnesses (if any), including expert reports under Rule 26(a)(2), shall be served 90 days from the Court's ruling on Plaintiffs' class certification motion; Defendant's expert witness disclosure (if any), including expert reports, shall be served 60 days thereafter.

- Discovery shall conclude six (6) months following the Court's ruling on Plaintiffs' class certification motion.

    c.    **Depositions**

The parties agree that although discovery in the Summer of 2009 was focused on the class/collective action issue, the parties agreed at the time that it would not be limited to those issues, and thus the discovery taken also covered the merits of the Plaintiffs' claims. Accordingly, individuals who have already been deposed in this case, including the Plaintiffs and the 30(b)(6) deponent for the Defendant, do not need to be deposed again.

The parties also agree that Spanish-speaking witnesses, if any, will need to be deposed using an interpreter. Plaintiffs contend that experience in this case has proven that in those situations, the seven-hour limit on depositions specified under the Federal Rules affords sufficient time to complete the examinations. Defendant contends that the seven hour rule should not apply with respect to any person that will need to be deposed using an interpreter.

**8.**    **Electronically Stored Information**

The parties have reached an agreement on production of ESI.

**9.**    **Privilege or Work-Product Immunity After Production**

The parties have reached agreement that disclosures of privileged or work-product protected documents shall not automatically amount to a waiver. A protective order addressing this issue has been entered by the Court.

**10.**    **Motions**

Defendant has filed a motion to dismiss or, in the alternative, for summary judgment on Plaintiffs' state law claims, and to strike Plaintiffs' class action allegations. That motion is briefed and is awaiting decision by the Court. Defendant reserves the right to supplement its motion and

its briefing on this motion to include Defendant's argument as to whether Plaintiffs can meet the Rule 23 requirements with respect to their state law claims.

Assuming Plaintiffs' state law claims are not dismissed, Plaintiffs propose that they shall file any motion for Rule 23 class certification within 30 days upon the close of discovery. As stated above in paragraph 7(b), Defendant believes that the parties have already engaged in discovery that is sufficient for purposes of resolving the class action issue and, therefore, if the Court denies the motion to dismiss the state law claims, the Court should hold further discovery in abeyance and require Plaintiffs to file their motion for Rule 23 class certification within 30 days of the Court's denial of Defendant's motion.

The parties agree that they shall file any motions for summary judgment within 30 days upon the close of discovery.

The parties agree that the deadlines for briefing on such motions set forth in W.D. Mich. Local Rule 7 should apply, as they normally would. If the parties require additional time to file a response or reply brief, they may seek leave of Court as provided by the local rules.

**11.    Alternative Dispute Resolution**

In the initial Joint Status Report, the parties agreed to submission of this case to Voluntary Facilitative Mediation after the Court had ruled on the collective action issue. The date for the mediation will have to be discussed at a later date and conveyed to the Court once the case has matured to the point of being ripe for settlement mediation.

**12.    Length of Trial**

Plaintiffs estimate that no more than seven (7) days will be required for their presentation of evidence in the case.

Defendant submits that the length of trial will vary greatly depending on whether this is a class action, or whether it is an individual case involving just three Plaintiffs. If a class action,

Defendant realistically estimates it will require two weeks to present its case. If a case involving just the three Plaintiffs, Defendant estimates it will require two to three days to present its case.

It should be noted that the parties will require a court interpreter as the parties and anticipated witnesses are primarily Spanish-speakers.

**13.    Prospects of Settlement and Summary of Settlement Activity to Date**

The parties have discussed proposals made by Plaintiffs to settle this case on a class basis of some sort, but no monetary amounts have been proposed. Plaintiffs have made no proposal to settle this case on behalf of the three Plaintiffs only. Given that the Court has rejected Plaintiffs' effort to bring this case as a collective action, Defendant has declined to settle this case on a class-wide basis.

It is Plaintiffs' position that given that new class complaints have been filed, until those motions are decided, settlement discussions on an individual basis for any individuals have not ripened. Defendant disagrees, and submits that there is no reason why the parties cannot engage in good faith settlement discussions on the claims of the three named Plaintiffs at this time.

**14.    Electronic Document Filing System**

Counsel for both parties acknowledge that W.D. Mich. Local Civil Rule 5.7(a) requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.

**15.    Other Matters**

Due to differences with respect to the protective equipment and clothing worn by the three Plaintiffs and other relevant factors (as set forth in Defendant's briefs with respect to the issue of collective action certification), Defendant submits that one or all of the three Plaintiffs' claims may

need to be tried separately from the others to avoid prejudice and jury confusion.  Thus, Defendant reserves the right to move for separate trials pursuant to Rule 42 should it appear necessary.

The parties agree that this report accurately reflects the position of the parties.

Dated:  February 16, 2010

/s/ Jason J. Thompson (P47184)
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, MI  48075
248-355-0300
jthompson@sommerspc.com

/s/ Robert Alvarez (P66954)
Law Office of Jose A. Sandoval, P.C.
4543 S. Division Avenue
Wyoming, MI  49548
616-257-6807
alvarezlaw@gmail.com

Matthew L. Turner (P48706)
Turner & Turner, P.C.
26000 W. 12 Mile Road
Southfield, MI  48034
248-355-1727
matt@turnerandturner.com

*Attorneys for Plaintiffs*

/s/ Elizabeth Wells Skaggs (P62133)
Joseph J. Vogan (P29920)
VARNUM
P.O. Box 352
Grand Rapids, MI  49501
616-336-6000
ewskaggs@varnumlaw.com
jvogan@varnumlaw.com

*Attorneys for Defendant*