UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JUAN PACHECO, et al.,

    Plaintiffs,

                                        File No. 1:09-CV-298

v.

                                        HON. ROBERT HOLMES BELL

BOAR'S HEAD PROVISIONS CO., INC.,

    Defendant.

                                         /

## **O P I N I O N**

This matter comes before the Court on Defendant Boar's Head Provisions Co., Inc.'s ("Boar's Head") motion to dismiss Plaintiffs' state law claims, or, in the alternative, for summary judgment and to strike class action allegations. (Dkt. No. 12.) For the reasons that follow, Defendant's motion will be granted.

## I.

In this action Plaintiffs have alleged a claim for unpaid wages under both the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and the Michigan Minimum Wage Law (MMWL), Mich. Comp. Laws §§ 408.381-.398. Plaintiffs have also alleged state common law claims for breach of contract and unjust enrichment, and have requested class certification of their state law claims.

Defendant has moved for dismissal of Plaintiffs' state law claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief

can be granted. "'[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.'" *In re Travel Agent Com'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (quoting *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)). In reviewing the motion, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). The complaint's factual allegations must be enough to "'raise a right to relief above the speculative level,'" and "'state a claim to relief that is plausible on its face.'" *In re Travel Agent Com'n*, 583 F.3d at 903 (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Defendant has attached exhibits to its brief in support of its motion to dismiss or for summary judgment. Exhibits A through D are copies,

in English and in Spanish, of the employee handbook and Policy No. 0101.20, both of which were referenced in Plaintiffs' complaint. (*See* Compl. ¶¶ 22, 34, 49.) The Court has not considered Exhibits E through L. Accordingly, the Court will treat this motion as a motion to dismiss pursuant to Rule 12(b)(6) rather than as a motion for summary judgment pursuant to Rule 56.

## II.

In Count II of their complaint, Plaintiffs allege that Defendant "breached the employee manual by failing to comply with promised terms and conditions of employment, particularly, by not paying proper double-time for the seventh consecutive day of work and holidays, and not paying proper overtime." (Compl. ¶ 62.) Defendant moves for dismissal of Plaintiffs' breach of contract claim based upon its contention that the employee handbook cannot be construed as creating a contract.

Under Michigan law, written statements in a company policy and procedure manual can give rise to contractual obligations on the part of the employer. *See Toussaint v. Blue Cross & Blue Shield*, 292 N.W.2d 880, 890 (1990).[1] Michigan cases have repeatedly held,

---

[1]The "legitimate expectations" doctrine enunciated in *Toussaint* is a public policy-guided doctrine that does not follow traditional contract analysis. Michigan has declined to extend the "legitimate expectations" rationale beyond the wrongful discharge arena. *Dumas v. Auto Club Ins. Ass'n*, 473 N.W.2d 652, 656 (Mich. 1991). Unlike wrongful discharge cases, compensation cases are subject to traditional contract law. *Id.; see also LaCourse v. GRS III L.L.C.*, No. 05-73613, 2006 WL 3694623, at *22 (E.D.Mich. Dec. 13, 2006) (noting that the *Toussaint* "legitimate expectation" method of proving an employment contract is "not available in a failure to pay case"); *Truchan v. Condumex, Inc.*, No. 227505, 2002 WL 1360403, at *11 (Mich. Ct. App. June 21, 2002) (refusing to extend *Toussaint's* legitimate expectation doctrine to cover a severance policy).

however, that an employee handbook "will not create enforceable rights when the handbook expressly states that such provisions are not intended to create an employment contract." *Lytle v. Malady*, 579 N.W.2d 906, 913 (Mich. 1998) (citing *Heurtebise v. Reliable Bus. Computers, Inc.*, 550 N.W.2d 243 (Mich. 1996)); *see also Highstone v. Westin Eng'g, Inc.*, 187 F.3d 548, 552 (6th Cir. 1999) (declining to find a contractual obligation where the handbook stated that "[i]t is not a contract with any employee"); *Blake v. Mesaba Airlines*, No. 99-1437, 2000 WL 712384, at *1-4 (6th Cir. May 24, 2000) (holding that an employee handbook containing an express disclaimer of contractual intent and an express reservation of the right to amend could not support a breach of contract claim).

The Boar's Head employee handbook states that it is only intended to provide guidelines, that it is subject to change without notice, and that it is not an employment contract.[2] The handbook cannot support a claim for breach of contract.

---

[2]The first page of the text of Boar's Head employee's handbook provides:

> The policies in this book are to be considered as guidelines. Boar's Head, at its option, may change, delete, suspend, or discontinue any part or parts of the policies in this book at any time without prior notice. Any such action may apply to existing as well as future employees.

(Dkt. No. 12, Def.'s Br., Ex. A at 5; *see also* Ex. B at 4 (Spanish version).) The handbook also contains an "Acknowledgement of Handbook Receipt" form, which provides:

> I further understand that Boar's Head Provisions may change, rescind, or add to any policy, procedure, etc. in this handbook at the sole discretion with or without prior notice.
>
> I understand that this handbook is not an employment contract . . . .

(*Id.* at 43; *see also* Ex. B, at 41 (Spanish version).)

In response, Plaintiffs contend that Defendant mischaracterized their breach of contract claim. Plaintiffs contend that contrary to Defendant's assertions, their breach of contract claim is not limited to promises made in the employee handbook. Plaintiffs point out that their complaint also references Policy No. 0101.20, and alleges that Defendant made "made representations regarding employment," and "verbal offers." (Compl. ¶¶ 49, 59, 61.)

Plaintiffs' response mischaracterizes the nature of the breach of contract claim set forth in their complaint. Plaintiffs' allegation that Defendant made representations regarding employment is followed by statement, "[s]pecifically, Defendant agreed to abide by the terms of the 'Employee Manual.'" (Compl. ¶ 60.) Plaintiffs' complaint then alleges that "based on this agreement [the Employee Manual] and verbal offers," Plaintiffs worked in excess of forty hours per week, but did not receive wages as per the agreement. (Compl. ¶ 61.) The following two paragraphs also focus on the manual or handbook:

> 62. Defendant breached the **employee manual** by failing to comply with the promised terms and conditions of employment, particularly, by not paying proper **double-time** for the seventh consecutive day of work and holidays, and not paying proper **overtime**.
>
> 63. Due to Defendant violating its **employment agreement**, Plaintiff lost the benefit of the additional compensation promised.

(Compl. ¶¶ 62, 63 (emphasis added).)

There is no description in Count II or elsewhere in the complaint about what verbal offers Defendant might have made. There is no allegation anywhere in the complaint that Defendant made any oral promises. Accordingly, Plaintiffs have failed to allege that a contract was formed on the basis of any oral promises.

Nor is there any reference in Count II to Policy No. 0101.20. The sole reference in the complaint to Policy No. 0101.20 is that "Defendant misrepresented Plaintiffs' rights under the FLSA by requiring them to agree to Defendant's Procedure number 0101.20." (Compl. ¶ 49.) Nowhere in their complaint do Plaintiffs reference Policy No. 0101.20 as being the basis for a contract claim. Moreover, Policy No. 0101.20 does not address double time or overtime, which is the basis for Plaintiffs' allegation of breach contract. The Court concludes that Plaintiffs have failed to state a claim for breach of contract, and will accordingly dismiss Count II of Plaintiffs' complaint.

**III.**

Defendant moves for dismissal of Count III of Plaintiffs' complaint, the Michigan Minimum Wage Law claim, on the basis that the MMWL overtime provisions do not apply to employers who are subject to the FLSA.

The MMWL "parallels the FLSA." *Allen v. MGM Grand Detroit, LLC*, 675 N.W.2d 907, 909 (Mich. Ct. App. 2003) (citing *Saginaw Firefighters Ass'n v. City of Saginaw*, 357 N.W.2d 908, 911 (Mich. Ct. App. 1984)). Section 14 of the MMWL expressly provides that the MMWL "does not apply to an employer who is subject to the minimum wage provisions of the fair labor standards act of 1938, 29 USC 201 to 219, unless those federal minimum wage provisions would result in a lower minimum hourly wage than provided in this act." Mich. Comp. Laws § 408.394(1); *Allen*, 675 N.W.2d at 907 (holding that the MMWL is applicable only if application of the "minimum wage provisions" of the FLSA results in "a lower minimum wage" than provided by the MMWL).

6

The MMWL permits a civil action to be brought within three years of the violation. Mich. Comp. Laws § 408.393(1)(a). Plaintiff filed this action in March of 2009. Accordingly, Count III, alleging a violation of the MMWL based upon the failure to pay overtime at one-and-a-half times the regular hourly rate for hours worked in excess of forty hours, is a claim for overtime dating back three years, to March of 2006. (Dkt. No. 1, 3/27/09 Comp. ¶¶ 65-66.)

Prior to October of 2006, Michigan's minimum wage was the same as the federal minimum wage. *Compare* Mich. Comp. Laws § 408.384 (raising the minimum wage from $5.15 to $6.95 beginning 10/01/2006) *with* 29 U.S.C. § 206(a)(1) (raising the minimum wage from $5.15 to $5.85 beginning 07/25/2007). Because the federal minimum wage was not lower than the state minimum wage prior to October 2006, and because Boar's Head was subject to the FLSA, Boar's Head was not subject to the MMWL prior to October 2006. *See* Mich. Comp. Laws § 408.394. After October of 2006, the federal minimum wage was lower than the Michigan minimum wage. Accordingly, by virtue of Section 14 of the MMWL, since October of 2006, Boar's Head was subject to both the FLSA and the MMWL. However, Section 14 of MMWL also provides that Section 4a does not apply to "an employer who is subject to this act only by application of this subsection." *Id*. Section 4a is the overtime compensation provision. Mich. Comp. Laws § 408.384a ("[A]n employee shall receive compensation at not less than 1-1/2 times the regular rate at which the employee is employed for employment in a workweek in excess of 40 hours."). Because Boar's Head

7

was subject to the MMWL beginning in October of 2006 only by virtue of Section 14, Boar's head was subject to the minimum wage provisions of the MMWL, but was exempt from the overtime requirements of the MMWL. *See Morrison v. Staples, Inc.*, No. 3:08CV616, 2008 WL 4911156, at *3 (D. Conn. Nov. 13, 2008) (holding that class members who had worked in Michigan since October 2006 "will not be able to bring an overtime claim under the MWL").

Plaintiffs' contend that Boar's Head is subject to the Section 4a overtime provisions because Boar's Head was not subject to the MMWL "only" by application of Section 14. Plaintiffs contend that Boar's Head was also subject to the MMWL by virtue of Section 2, defining employer, Mich. Comp. Laws § 408.382, and Section 3, applying the act to employers, Mich. Comp. Laws § 408.383. This argument is not persuasive because it ignores the plain language of Section 14 and would render Section 14 meaningless.

Because Boar's Head was not subject to any of the provisions of the MMWL prior to October of 2006, and because it has not been covered by the overtime provisions of the MMWL from October of 2006 on, Plaintiffs do not have any claim against Boar's Head for unpaid overtime under the MMWL. The Court will accordingly dismiss Count III of Plaintiffs' complaint for failure to state a claim on which relief can be granted.

**IV.**

Defendant moves for dismissal of Count IV, Plaintiffs' state law unjust enrichment claim, on the basis that Plaintiffs have an adequate remedy under the FLSA. Defendant has

8

cited numerous federal cases which have held that the availability of an FLSA remedy will necessarily preclude a claim for unjust enrichment, either because of the common law rule that the "nonexistence of any other remedy at law" is a necessary element of a successful claim for unjust enrichment, or because a claim for unjust enrichment is duplicative of, and preempted by, the FLSA claim. (Dkt. No. 12, Def.'s Br. at 14-15 (citing cases).)

Plaintiffs oppose Defendant's motion to dismiss their unjust enrichment claim based upon their contention that the "nonexistence of any other remedy at law" is not an element of an unjust enrichment claim under Michigan law. Plaintiffs have also cited several cases which have held that the existence of an FLSA claim does not preempt an unjust enrichment claim. (Dkt. No. 30, Pls.' Am. Resp. Br. at 14-16 (citing cases).)

Unjust enrichment is an equitable doctrine that is based on the principle that a party should not be allowed to profit at another's expense. *Kammer Asphalt Paving Co., Inc. v. East China Twp. Schs.*, 504 N.W.2d 635, 640 (Mich. 1993); *McCreary v. Shields*, 52 N.W.2d 853, 855 (Mich. 1952). Under Michigan law, unjust enrichment is defined as the "'(1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant.'" *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 663 (Mich. Ct. App. 2007) (quoting *Keywell & Rosenfeld v. Bithell*, 657 N.W.2d 759, 776 (Mich. Ct. App. 2002)). "When unjust enrichment exists, 'the law operates to imply a contract in order to prevent' it." *Id.* (quoting *Keywell*, 657 N.W.2d

at 776.) The equitable doctrine of unjust enrichment is employed with caution because it "vitiates normal contract principles." *Kammer*, 504 N.W.2d at 640.

Although Michigan cases do not explicitly list the "nonexistence of any other remedy at law" as an element of an unjust enrichment claim, Michigan cases have consistently held that "[e]quity will not take jurisdiction where there is a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within its jurisdiction." *ECCO Ltd. v. Balimoy Mfg. Co.*, 446 N.W.2d 546, 548 (Mich. Ct. App. 1989) (citing *Excelsior Wrapper Co. v. Yund*, 142 N.W. 353, 354 (Mich. 1913)); *see also Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 506 (6th Cir. 1995) (applying Michigan law and holding that the existence of a legal remedy bars a claim of unjust enrichment, which seeks an equitable remedy); *Slusher v. Frome*, 110 N.W.2d 672, 672-73 (Mich. 1961) (affirming dismissal of an equitable claim where the plaintiff had a "full, adequate and complete remedy at law"); *Romeo Inv. Ltd. v. Michigan Consol. Gas Co.*, No. 260320, 2007 WL 1264008, at *9 (Mich. Ct. App. May 1, 2007) ("When a plaintiff has set forth both legal and equitable claims seeking identical relief and covering the same subject matter, the proper course is generally dismissal of the equitable claim.").

In this action Plaintiffs seek the same relief under both the FLSA claim and their unjust enrichment claim. Plaintiffs have not suggested that they do not have a full, complete, and adequate remedy at law under the FLSA, nor have they shown that there is some feature of their case that is peculiarly within the province of a court of equity. Plaintiffs merely assert their right to bring alternative theories of recovery. This is not a sufficient basis for

bringing an independent action for equitable relief. Accordingly, the Court will dismiss Count IV of Plaintiffs' complaint.

V.

Defendant has moved to dismiss Plaintiffs' request for class action certification pursuant to Rule 23 because Plaintiffs cannot maintain a Rule 23 class action with respect to their remaining FLSA claim. *See Thomas v. Speedway SuperAmercia, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (noting the distinction between an FLSA collective action which requires potential class members to "opt in," and a Rule 23 class action which requires potential class members to "opt out").

Plaintiffs do not dispute Defendant's contention that their FLSA claim cannot proceed as a class action. Plaintiffs only opposed this aspect of Defendant's motion to dismiss because they did not believe that their state law claims would be dismissed. Because the Court is granting Defendant's motion to dismiss all of Plaintiffs' state law claims, the Court will also dismiss Plaintiffs' request for Rule 23 class certification.

VI.

For the reasons stated above, the Court will grant Defendant's motion to dismiss and will enter an order dismissing Counts II-IV of Plaintiffs' complaint and Plaintiffs' request for class certification.

An order consistent with this opinion will be entered.

Dated: March 30, 2010              /s/ Robert Holmes Bell
                                                                   ROBERT HOLMES BELL
                                                                   UNITED STATES DISTRICT JUDGE